**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

STUTSMAN CONSTRUCTION, LLC                    APPEAL CIVIL ACTION

VERSUS

ROSS ADAIR, ET AL                                          22-664-SDD-RLB

## OPINION

This matter is before the Court on the appeal filed by Stutsman Construction, LLC ("Stutsman"). Appellant-Creditor Stutsman appealed the Bankruptcy Court's order denying Stutsman's request for an extension of the deadline to file proof of a claim in the underlying Chapter 13 bankruptcy proceeding, No. 22-10249, in the Middle District of Louisiana.

For the reasons set forth below, the ruling and order of the Bankruptcy Court denying Stutsman's Motion for Enlargement and Extension of Time to File Proof of Claim is AFFIRMED.

### I.   Factual and Procedural History

On May 24, 2022, Debtor-Ross Shaun Adair ("Adair") filed for protection from his creditors under Chapter 13 of the Bankruptcy Code. Pursuant to Federal Bankruptcy Procedure Rule 2002(a), notice of the case and corresponding deadlines was issued by the clerk and mailed to all parties on June 11, 2022.[1] The Section 341 creditors meeting

---

[1] Rec. Doc. No. 3-1, pp. 12–13.

was set for July 18, 2022 and the deadline for creditors to file proofs of claim was set for

August 2, 2022.[2]

Due to a calendaring error by Adair's counsel, neither Adair nor Adair's counsel

appeared for the July 18, 2022 creditors meeting. The bankruptcy trustee requested

dismissal of the case, pursuant to Local Rule 2003-1.[3] Assuming dismissal would be

granted, Stutsman's counsel cleared the remaining deadlines from his calendar and did

not file a proof of claim by the August 2nd deadline.[4]

Adair filed a Motion to Reschedule the creditors meeting on July 20, 2022.[5] The

trustee objected to rescheduling the creditors meeting, in part because she had not yet

received required documentation from Adair. The Bankruptcy Court set Adair's Motion to

Reschedule the Creditor's Meeting for Hearing on August 17, 2022.[6] By July 29, 2022,

Adair submitted the requested documents to the trustee and filed them in the record, upon

which the trustee reset the creditors meeting.[7]

By Notice issued on July 29, 2022, the trustee re-set the creditors meeting for

August 8, 2022.[8] The notice resetting the meeting was silent regarding the proof of claims

filing deadline. There is no dispute that all parties received notice of the resetting on July

29, 2022—four days before the proof of claims deadline.[9]

---

[2] *Id.*
[3] Rec. Doc. No. 3-1, p. 69; Bankr. M.D. La. R. 2003-1(d).
[4] Rec. Doc. No. 3; p. 2; Rec. Doc. No. 3-1, p. 67; Rec. Doc. No. 6, p. 2.
[5] Rec. Doc. No. 3-1, p. 59; Rec. Doc. No. 6, p. 6.
[6] Rec. Doc. No. 3-1, p. 63.
[7] Rec. Doc. No. 3-1, p. 64. It is unclear, from the record and the briefs provided by Appellant, whether the trustee rescheduled the creditors meeting on July 18, 2022, or July 29, 2022, but it is not disputed that the trustee's Amended Section 341 Meeting Proceeding Memorandum resetting the meeting was issued to all parties by July 29, 2022. The disparity is of no consequence to this appeal. *Compare* Rec. Doc. No. 3-1, p.64, *and* Rec. Doc. No. 3-1, p. 107, *with* Rec. Doc. No. 3, p. 8.
[8] Rec. Doc. No. 3-1, p. 64.
[9] *See* Rec. Doc. No. 6, p. 2.

Stutsman, Adair, and counsel appeared at the August 8th creditors meeting. The next day, on August 9th, Stutsman filed an out-of-time motion to extend its deadline to file proof of its claim.[10] Stutsman argued it was "surprised when a few days before the deadline for filing [a proof of claim], an amending [sic] [Rule] 341(a) meeting was filed and [Stutsman] received that notice instead of receiving a dismissal of the case."[11] Stutsman's counsel explained that he did not file a proof of claim by the August 2nd deadline because he believed the trustee's previous request for dismissal would be granted.[12]

Stutsman's Motion to Extend was heard on September 14th. The court acknowledged that Stutsman was seeking an extension based on the trustee's request for dismissal. Stutsman argued this constituted excusable neglect and sought an extension pursuant to the Supreme Court's holding in *Pioneer Investment Services v. Brunswick Associates Limited Partnership*.[13] After hearing arguments of Stutsman, Adair, and the trustee, the court denied Stutsman's Motion to Extend because neither of the conditions of Bankruptcy Rule 3002(c)(6)(A) or (B) were applicable to Stutsman's request:

> Stutsman does not argue under Rule 3002(c)(6)(A) that the debtor failed to timely file a list of creditors' names and addresses required by Bankruptcy Rule 1007(a). In fact, the debtor had filed the required list. Nor does Stutsman contend that Rule 3002(c)(6)(B) applies in that the notice was sufficient and was not mailed to a foreign address.
>
> So neither of the conditions in 3002(c)(6) are applicable. Thus, Stutsman has not met the requirement under Bankruptcy Rule 3002(6), 3002(c)(6) for extension of the proof of claim deadline. Stutsman argues, understandably, that the interests of justice support allowing it to file an untimely proof of claim, but cites no law for that proposition. That's Paragraph 4 of its motion, although in counsel's

---

[10] Rec. Doc. No. 3-1, pp. 67–68.
[11] Rec. Doc. No. 3-1, p. 67.
[12] *Id.*
[13] 507 U.S. 380 (1993).

argument today he cites *Pioneer*. But the Federal Rules of Bankruptcy Procedure is straightforward on these undisputed facts.[14]

Stutsman appeals this denial of its Motion to Extend.

In this appeal, Stutsman challenges not only the Bankruptcy Court's denial of its Motion to Extend but also the Bankruptcy Court's setting of Adair's Motion to Reschedule the creditor's meeting for hearing.[15] Stutsman also challenges the bankruptcy judge's failure to automatically dismiss the case upon the trustee's recommendation after Adair missed the initial creditors meeting.

Stutsman argues that it was denied due process when the Bankruptcy Court allowed the rescheduling of the Section 341(a) creditors meeting and allowed the rescheduling to take place before the case could be dismissed on the trustee's recommendation.[16] Stutsman also contends that its failure to meet the deadline to file its proof of claim was due to excusable neglect, and the Bankruptcy Court should have applied the *Pioneer* factors and granted its Motion to Extend.[17] In its Reply, Stutsman clarifies that it is not challenging the Bankruptcy Court's authority to deny its Motion to Extend but "rather the Bankruptcy Judge's arbitrary and capricious ruling in allowing the Debtor to avoid dismissal of the case…. [t]he Bankruptcy Judge abused his discretion by setting the ex-parte motion [to reschedule the creditors meeting] for hearing."[18]

---

[14] Rec. Doc. No. 6, p. 8.
[15] Notice of Appeal, Rec. Doc. No. 3-1, pp. 112–113; Rec. Doc. No. 3, p. 6.
[16] Rec. Doc. No. 3.
[17] Rec. Doc. No. 3.
[18] Rec. Doc. No. 9.

**II.    Law & Analysis**

    A.  Standard of Review

Stutsman does not articulate a standard of review on any issue he raises.[19] In fact, Stutsman's briefs and Adair's brief are devoid of the applicable standards of review, in derogation of Federal Rules of Appellate Procedure Rule 28(a)(8)(B) and (b).[20]

Legal conclusions by bankruptcy courts are reviewed *de novo*, as are mixed questions of law and fact.[21] And "[d]ecisions concerning interpretations of the federal rules of bankruptcy procedure are reviewed *de novo*."[22]

The Court will address the standard of review that is applicable to each issue, in turn.

    B.  Rescheduling of Creditors Meeting is Not Properly on Appeal

Stutsman's first issue presented is "[w]hether due process was had in the Bankruptcy Court allowing Creditor [sic] to reset Creditor's meeting despite non-compliance with Local Rule 2003-1 (arbitrary and capricious)."[23] The Court assumes this is a typographical error as the trustee, not the creditor, reset the creditors meeting.[24]

---

[19] Rec. Doc. No. 3. The Court, again, reminds Appellant's counsel of his obligations under Federal Rules of Appellate Procedure.

[20] Counsel is reminded of their obligation to comply with the Local Rules of this Court and the Bankruptcy Court within this district and the Federal Rules of Appellate Procedure, as attorneys admitted to the Bar of the Middle District of Louisiana. The Court further directs Appellant's counsel to review Federal Rules of Appellate Procedure Rule 28 in detail, as Appellant similarly failed to provide the content or substance of the law and rules subject to his challenges on appeal, in violation of Rule 38 (f), and also failed to follow Rule 28(c).

[21] *Matter of Highland Cap. Mgmt., L.P.*, No. 22-10831, 2023 WL 2263022, at *1 (5th Cir. Feb. 28, 2023) (citing *In re Quinlivan*, 434 F.3d 314, 318 (5th Cir. 2005)).

[22] *In re Aboody*, 223 B.R. at 37 (quoting *In re William Cargile Contractor, Inc.*, 209 B.R. 435, 436 (B.A.P. 6th Cir. 1997).

[23] Rec. Doc. No. 3.

[24] The Court questions whether Stutsman has appellate standing to appeal this issue, but pretermits consideration of this question sua sponte.

Stutsman argues that the bankruptcy judge treated the parties unequally for essentially the same transgressions. That is, Adair was allowed another opportunity to attend the creditors meeting he missed due to a calendaring error, but Stutsman was not allowed additional time to file a proof of claim for the same reason, a calendaring error. Stutsman "made the same mistake as Debtor's counsel" but was held to a "different," "higher standard" than Adair's counsel.[25] Stutsman insists the Bankruptcy Court setting Adair's Motion to Reschedule for hearing improperly and arbitrarily afforded time for the rescheduling of the creditors meeting before the hearing. As a result, Stutsman argues, Adair was unfairly allowed to avoid dismissal.

Stutsman failed to present any authority to support its position.

Nonetheless, Stutsman's request must be denied because he did not properly appeal this issue. The Federal Rules of Bankruptcy Procedure require the filing of a notice of appeal from the specific action challenged before the Bankruptcy Court in order to seek this Court's review.[26] Stutsman filed a notice of appeal from the Bankruptcy Court's denial of its Motion to Extend the proof of claims deadline.[27] Stutsman did not request or obtain leave to appeal the trustee's rescheduling of the creditors meeting.[28] The order denying Stutsman's Motion to Extend does not touch on the propriety of the trustee's rescheduling of the creditors meeting.

Even if Stutsman had perfected this issue for appeal, 28 U.S.C. § 158(a) forecloses this Court's review of whether Stutsman was denied due process when the creditors

---

[25] Rec. Doc. No. 3, p. 12.
[26] Fed. R. Bankr. P. 8003 (2023); Fed. R. Bankr. P. 8004 (2014).
[27] Rec. Doc. No. 3, p. 6.
[28] The Court does not determine whether a Stutsman could have requested leave from this action of the trustee, and whether that would lead to a contrary result on appeal to this Court.

meeting was reset or whether the rescheduling violated Local Rule 2003-1's rescheduling procedures. District courts have appellate jurisdiction over orders, decrees, and judgments "of bankruptcy judges" under 28 U.S.C. § 158(a). Section 158(a) is explicitly limited to certain actions taken by bankruptcy judges—not the recommendations of, and scheduling done by, trustees. The record is clear that the trustee rescheduled the creditors meeting before the bankruptcy judge heard or had the opportunity to rule upon Adair's Motion to Reschedule.[29] Accordingly, the Court finds the clear, unambiguous language of 28 U.S.C. § 158(a) precludes its review of the trustee's rescheduling of the creditors meeting.

### C. Reliance Upon Trustee's Initial Request for Dismissal

In its second challenge, Stutsman asks this Court to consider "[w]hether Creditor was denied due process as a result of reliance on local Rule 2003-1(d) and assertions by the Trustee regarding dismissal of the Chapter 13 case (again, arbitrary and capricious)."[30]

Stutsman argues it was treated unfairly and unequally by the Bankruptcy Court as compared to Adair. As set forth above, Stutsman assumed the trustee's request for dismissal would be granted, and its counsel prematurely removed the proof of claim deadline from his calendar without receiving an order of dismissal.[31] Stutsman's counsel claims his error and Adair's counsel's error are the same.[32] Stutsman contends the Bankruptcy Court owed it the same remedy Adair was afforded—an extension of time

---

[29] *See, e.g.*, Rec. Doc. No. 3-1, pp. 63–64.
[30] Rec. Doc. No. 3, p. 6.
[31] Rec. Doc. No. 3, pp. 11–12.
[32] Rec. Doc. No. 3, pp. 11–12.

and rescheduled deadline—and the denial of its Motion to Extend violated Stutsman's due process rights.[33]

Stutsman also argues that, "under normal circumstances," the trustee's request for dismissal should and would have been granted "but for the Bankruptcy Judge allowing the case to remain open" and allowing Adair to "interrupt dismissal."[34] According to Stutsman, failure to dismiss the case automatically upon the trustee's recommendation violated Local Rule 2003-1(d). Stutsman again fails to provide any authority to support its argument.

Bankruptcy Court Local Rule 2003-1(d) provides for discretionary dismissal in the event a debtor misses the mandated creditors meeting in a Chapter 13 case: "[a] debtor's failure to attend the meeting of creditors *may* be grounds for the immediate dismissal of a voluntary bankruptcy case or other appropriate sanction."[35] According to the plain language of this rule, dismissal was not immediately mandated because of Adair's failure to attend the initial creditors meeting. Further, dismissals on request of a trustee in a Chapter 13 case are contested matters that afford a debtor notice and an opportunity to be heard before an order of dismissal by the bankruptcy judge.[36]

Bankruptcy Court Local Rule 2003-1(d) makes clear that dismissal was within the bankruptcy judge's discretion and any reliance on the trustee's recommendation to the contrary would be unreasonable. Nonetheless, this issue is not properly on appeal because it is not the subject of the notice of appeal filed with the Bankruptcy Court—the same deficiency in Stutsman's first challenge. Stutsman's request is denied.

---

[33] Rec. Doc. No. 3; Rec. Doc. No. 9.
[34] Rec. Doc. No. 3, pp. 10–11.
[35] Bankr. M.D. La. R. 2003-1(d) (emphasis added).
[36] *See* Fed. R. Bankr. P. 9014 (2013); Fed. R. Bankr. P. 1017 (2008); 11 U.S.C.A. § 1307(c) (2010).

D. Denial of Motion to Extend

Finally, the Court turns to the only justiciable appeal issue raised by Stutsman: the denial of its Motion to Extend.

As mentioned above, the *Pioneer* Court set forth factors to be considered in determining whether a creditor's failure to timely file a proof of claim is due to "excusable neglect" and thus justify an extension under Rule 9006(b) of the Federal Rules of Bankruptcy Procedure in a Chapter 11 bankruptcy case.[37] Stutsman prays this Court will find the *Pioneer* factors applicable and find the Bankruptcy Court committed error when it denied Stutsman's Motion to Extend.[38]

Adair argues that the *Pioneer* factors are not applicable in Chapter 13 cases, such as this one, and are not applicable to Stutsman's requested enlargement of the deadline to file proof of claims.[39]

The Bankruptcy Court did not analyze the *Pioneer* factors, relying solely upon the strict confines of Rules 9006 and 3002(c) of the Federal Rules of Bankruptcy Procedure.[40]

Rule 9006(b) addresses the extent to which bankruptcy judges can extend deadlines provided under the Bankruptcy Rules. "Generally, bankruptcy courts may extend upcoming deadlines 'for cause shown' and may excuse noncompliance with past deadlines 'where the failure to act was the result of excusable neglect.'"[41] This general rule is inapplicable to some deadlines, including, specifically, those delineated by Rule 3002(c) and applicable to proof of claim filing deadlines.[42] Bankruptcy courts "may enlarge

---

[37] *Pioneer*, 507 U.S. at 389.
[38] Rec. Doc. No. 3.
[39] Rec. Doc. No. 7.
[40] Rec. Doc. No. 6.
[41] *Matter of Ward*, 978 F.3d 298, 302 (5th Cir. 2020) (quoting Fed. R. Bankr. P. 9006(b)(1) (2016)).
[42] Fed. R. Bankr. P. 9006(b)(3); Fed. R. Bankr. P. 3002(c) (2022).

the time for taking action under Rule[]…3002(c)…only to the extent and under the conditions stated in th[at] rule."[43] Rule 3002(c), in turn, provides that in a

> chapter 13 case, a proof of claim is timely filed if it is filed not later than 70 days after the order for relief under that chapter or the date of the order of conversion to a case under chapter 12 or chapter 13…. [and] [o]n motion filed by the creditor before or after the expiration of the time to file a proof of claim, the court may extend the time…. if the court finds that: (A) the notice was insufficient under the circumstances to give the creditor a reasonable time to file a proof of claim because the debtor failed to timely file the list of creditors' names and addresses required by Rule 1007(a); or (B) the notice was insufficient under the circumstances to give the creditor a reasonable time to file a proof of claim, and the notice was mailed to the creditor at a foreign address.[44]

Finding that Stutsman did not meet the criteria of either ground for extension under Rule 3002(c)(6), the bankruptcy judge denied Stutsman's Motion to Extend based on the Rules.[45]

### i.    Standard of Review

"Whether the 'excusable neglect' standard is applicable in Chapter 13 cases is a question of law."[46] Thus, this Court reviews the bankruptcy judge's decision not to consider the Pioneer factors on Stutsman's' Motion to Extend de novo.

### ii.    Pioneer is Not Applicable to Stutsman's Motion to Extend

The *Pioneer* Court did not squarely address whether the excusable neglect standard it applied to a Chapter 11 case also applies in Chapter 13 cases, but it did explain that "[t]he "excusable neglect" standard of Rule 9006(b)(1) governs late filings of

---

[43] Fed. R. Bankr. P. 9006(b)(3).
[44] Fed. R. Bankr. P. 3002(c).
[45] Rec. Doc. No. 6.
[46] *See In re Aboody*, 223 B.R. 36, 37 (B.A.P. 1st Cir. 1998) (quoting *In re Smartt Const. Co.*, 138 B.R. 269, 271 (D. Colo. 1992)).

proofs of claim in Chapter 11 cases but not in Chapter 7 cases because Subsection (b)(3) of Rule 9006 excludes such instances.[47] Rule 9006 sets forth the general rule allowing courts to extend deadlines in bankruptcy cases upon a showing of "excusable neglect," but this standard does not apply in all cases.[48]  In dicta, the *Pioneer* Court explained that Subsection (b)(3) excludes certain actions from the excusable neglect standard, including Rule 3002(c) that exclusively governs the filing of proofs of claims in Chapter 7 cases.

> The time-computation and time-extension provisions of Rule 9006, like those of Federal Rule of Civil Procedure 6, are generally applicable to any time requirement found elsewhere in the rules unless expressly excepted. Subsections (b)(2) and (b)(3) of Rule 9006 enumerate those time requirements excluded from the operation of the "excusable neglect" standard. One of the time requirements listed as excepted in Rule 9006(b)(3) is that governing the filing of proofs of claim in Chapter 7 cases. Such filings are governed exclusively by Rule 3002(c). By contrast, Rule 9006(b)(1) does not make a similar exception for Rule 3003(c), which, as noted earlier, establishes the time requirements for proofs of claim in Chapter 11 cases. Consequently, Rule 9006(b)(1) must be construed to govern the permissibility of late filings in Chapter 11 bankruptcies.[49]

Although the *Pioneer* Court did not explicitly hold that the excusable neglect standard does not apply to Chapter 13 cases, its reasoning in finding that extensions of time governed by Rule 3002(c) are explicitly excluded from the general excusable neglect standard is instructive.[50]  Today, Chapter 13 cases are exclusively governed by Rule 3002(c), and, thus, fall within Rule 9006(b)(3)'s specific exceptions to the excusable neglect standard.[51]  Thus, the deadline to file proofs of claims in Chapter 13 cases are

---

[47] *Pioneer*, 507 U.S. at 389.
[48] Fed. R. Bankr. P. 9006(b)(1).
[49] *Pioneer*, 507 U.S. at 389 n.4 (citing Fed. R. Bankr. P. 9006(b)(3)); *In re Coastal Alaska Lines, Inc.*, 920 F.2d 1428, 1432 (9th Cir. 1990); *see* Advisory Committee's Note accompanying Rule 9006(b)(1)); *see also* Fed. R. Bankr. P. 9006(b)(3).
[50] *Pioneer*, 507 U.S. at 388–390 n.4.
[51] Fed. R. Bankr. P. 3002(c); Fed. R. Bankr. P. 9006(b)(3).

exempt from the excusable neglect standard of Rule 9006(b) and, thus, the *Pioneer* factors are inapplicable to this case.[52]

Further, although the Fifth Circuit Court has not decided this issue, there is a significant body of case law from other courts that have found that excusable neglect and the *Pioneer* factors to not apply in Chapter 13 cases.[53]

Moreover, the Bankruptcy Court lacked discretion to enlarge the time to file a proof of claim unless the situation fell within one of the enumerated exceptions within Rule 3002(c)'s rigid time limits for creditors' proof of filing claims.[54] Although bankruptcy courts are granted certain equitable powers "to 'carry out' the provisions of the Code," they cannot use them to "override explicit mandates of other sections of the Bankruptcy Code" or the Bankruptcy Rules.[55] The Bankruptcy Court lacked authority to extend Stutsman's deadline beyond Rule 3002(c)(6)'s explicit parameters to consider whether Stutsman's

---

[52] Fed. R. Bankr. P. 3002(c).

[53] *See, e.g.*, *Jones v. Arross*, 9 F.3d 79, 81 (10th Cir. 1993) (holding that excusable neglect standard applies only in Chapter 11 cases); *In re Hogan*, 346 B.R. 715, 722 (Bankr. N.D. Tex. 2006) (for discussion of *Pioneer* and holding that bankruptcy court does not have discretion to allow creditor's late-filed claims for "excusable neglect" pursuant to Rules 3002(c) and 9006(b)); *In re Aboody*, 223 B.R. at 37 (discussing *Pioneer* and explaining that excusable neglect standard "should logically be inapplicable to the filing of a proof of claim in Chapter 13" cases).

[54] *See, e.g.*, *In re Sunland, Inc.*, 536 B.R. 920, 926 (Bankr. D.N.M. 2015); *In re Coastal Alaska*, 920 F.2d at 1432 (court had no equitable discretion to extend time limit established by Rule 3002(c)); *In re S.A. Morris Paving Co.*, 92 B.R. 161, 163 (Bankr. W.D. Va.1988) (court lacks equitable power to enlarge time for filing proof of claim unless one of six situations in Rule 3002(c) exists); *In re Jemal*, 496 B.R. 697, 701 (Bankr. E.D.N.Y 2013).

[55] *Law v. Siegel*, 571 U.S. 415, 421 (2014) ("It is hornbook law that § 105(a) 'does not allow the bankruptcy court to override explicit mandates of other sections of the Bankruptcy Code.'") (quoting 2 *Collier on Bankruptcy* ¶ 105.01[2], p. 105–6 (16th ed. 2013)); *see also Norwest Bank Worthington v. Ahlers*, 485 U.S. 197, 206 (1988); *see, e.g.*, *Raleigh v. Ill. Dept. of Revenue*, 530 U.S. 15, 24–25 (2000); *U.S. v. Noland*, 517 U.S. 535, 543 (1996); *SEC v. U.S. Realty & Improv. Co.*, 310 U.S. 434, 455 (1940); *In re Sunland*, 536 B.R. at 926; *In re Scrivner*, 535 F.3d 1258,1265 (10th Cir. 2008) ("Section 105(a) does not empower courts to create remedies and rights in derogation of the Bankruptcy Code and Rules."); *In re Combustion Eng'g, Inc.*, 391 F.3d 190, 236 (3d Cir. 2004) ("[E]quitable powers emanating from § 105(a) . . . are not a license for a court to disregard the clear language and meaning of the bankruptcy statutes and rules.") (quoting *In re Barbieri*, 199 F.3d 616, 620–21 (2d Cir. 1999))); *see also Off. Comm. of Equity Sec. Holders v. Mabey*, 832 F.2d 299, 302 (4th Cir. 1987) (same); *In re Etzel*, 2004 WL 2044093, at *3 (Bankr. D. Kan. 2004) ("The Court cannot use its equitable powers under § 105(a) to circumvent the plain language of the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure.").

actions constituted excusable neglect under the *Pioneer* factors. In any event, the Court does not find the creditor's counsel's assumption of dismissal excusable neglect. Neglect is the inadvertent failure to do or not do something. Counsel for Stutsman made the conscious decision to remove deadlines from his calendar on an erroneous ill-advised assumption. This is not excusable neglect—it is a bad decision.

Accordingly, the Court need not address Stutsman's detrimental reliance claim.

The Bankruptcy Court's denial of Stutsman's Motion to Extend the proof of claim deadline under Rule 3002(c)(6) was proper and is, hereby, AFFIRMED.

## III.   Conclusion

For the reasons set forth above, the Order of the Bankruptcy Court denying Appellant's Motion for Enlargement and Extension of Time to File Proof of Claim is AFFIRMED, and this appeal is dismissed. Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

Baton Rouge, Louisiana, this 28th day of September, 2023.

_____
**SHELLY D. DICK**
**CHIEF DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**